IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:09-CR-8-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| ANGELO NEWKIRK, | ) | (SEALED)[1] |
| | ) | |
| Defendant. | ) | |

This matter came before the court for hearing on defendant's motion for reduction of sentence pursuant to § 404 of the First Step Act of 2018 (DE 79) on October 7, 2021. The court memorializes herein reasons for granting in part and denying in part the motion.

## BACKGROUND

On June 1, 2009, defendant pleaded guilty to conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base and more than 500 grams of cocaine, in violation of 21 U.S.C. § 846. According the presentence investigation report ("PSR"), defendant distributed approximately 786 grams of powder cocaine and 311 grams of cocaine base between May 2006 and February 2008. (PSR (DE 24) ¶¶ 1, 8–14).

The court held defendant's sentencing hearing on October 16, 2009. At that time, the statutory sentencing range was not less than 10 years to life imprisonment. 21 U.S.C. § 841(b)(1)(A) (2006). With respect to the advisory Sentencing Guidelines, defendant's total

---

[1] The court's analysis relies, in part, on documents filed under seal. Within 14 days, the parties jointly shall return to the court by U.S. Mail, addressed to the case manager, a copy of this order marked to reflect any perceived necessary redactions. Upon the court's inspection and approval, a redacted copy of this sealed order will be made a part of the public record. If the court determines proposed redactions of any portion of this order not subject to sealing, further notice will follow.

offense level was 29 based on the drug quantity involved and reduction for acceptance of responsibility. (PSR (DE 24) ¶¶ 50, 57–58). Defendant's criminal history category was VI based in part on prior convictions for possession of marijuana, injury to personal property, communicating threats, breaking and entering, possession of cocaine, assault with a deadly weapon, assault on a female, and resisting a public officer. (Id. ¶¶ 21–28, 34). With total offense level 29 and criminal history category VI, the Guidelines range at sentencing was 151 to 188 months' imprisonment. (Id. ¶ 61). The court, however, departed downwardly from the range ███████████████████ and further awarded 20 months of sentencing credit pursuant to U.S.S.G. § 5G1.3(b). (Sent'g Tr. (DE 36) at 22–23). Ultimately, defendant was sentenced to 130 months' imprisonment and five years' supervised release.

███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████

On April 30, 2015, defendant moved for further reduction of his sentence pursuant to retroactive amendments to the Guidelines. The court granted the motion on July 9, 2015, and reduced defendant's sentence 76 months' imprisonment. Defendant's five-year term of supervised release was not reduced.

On or about October 30, 2015, defendant was released from custody and began his supervision. (Mot. Revocation (DE 61)). On June 21, 2020, defendant was charged in state court with numerous offenses related to an altercation with Anora Sumpter ("Sumpter"), the mother of defendant's child. (Id.). The charges include second-degree kidnapping, common law robbery, assault inflicting serious bodily injury, breaking and entering a motor vehicle, assault on a female, and injury to personal property. (Id.). Based on the foregoing state charges, which remain

2

pending in state court, United States Probation moved for revocation of supervised release on June 14, 2020.

On October 6, 2020, defendant filed the instant motion for reduction of sentence pursuant to the First Step Act, supported by memorandum of law, joint affidavit of counsel for defendant and Sumpter in the state custody proceedings, August 31, 2020, memorandum of judgment/order in the state custody proceedings, affidavit of Sumpter, and defendant's personal affidavit. Defendant argues that application of the First Step Act reduces the statutory maximum at revocation to 36 months' imprisonment and the Guidelines range to 21 to 27 months. In addition, defendant argues the court should exercise its discretion to retroactively reduce defendant's term of supervision to four years, thereby rendering moot the instant motion for revocation. The government responded in opposition on October 17, 2020.

Following several continuances, the court set October 7, 2021, hearing for address of the instant First Step Act motion and the motion for revocation. At hearing, the court heard argument on the First Step Act motion, and granted the motion to the extent defendant sought retroactive application of the statutory penalties under the Fair Sentencing Act to the pertinent statutory maximum and Guidelines range for the revocation proceeding. The First Step Act motion was denied to the extent defendant requested retroactive reduction in his term of supervision. With respect to the pending motion for revocation of supervision, the court continued the matter pending resolution of the state charges. The court directed the parties to provide a status report addressing these charges on or before November 15, 2021.

**COURT'S DISCUSSION**

On August 3, 2010, Congress enacted and the President signed into law the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The Fair Sentencing Act "increased the drug

3

amounts triggering mandatory minimums for [cocaine base] trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." Dorsey v. United States, 567 U.S. 260, 269 (2012) (citing Fair Sentencing Act § 2(a), 124 Stat. at 2372). The statute also eliminated the mandatory minimum sentence for possession of a quantity of cocaine base. Fair Sentencing Act § 3, 124 Stat. at 2372. The Fair Sentencing Act, however, did not apply retroactively to defendants sentenced before August 3, 2010. See United States v. Black, 737 F.3d 280, 287 (4th Cir. 2013); United States v. Bullard, 645 F.3d 237, 249 (4th Cir. 2011).

The First Step Act of 2018 ("First Step Act") makes the provisions of the Fair Sentencing Act described above retroactively applicable to defendants who committed their offenses before August 3, 2010. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222; United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020). Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act § 404(b). The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. § 404(a).

The court has discretion to deny relief under the Act even if the defendant meets the eligibility criteria. Id. § 404(c). Finally, the court may not impose a reduced sentence for defendants whose sentences previously were imposed or reduced in accordance with the Fair Sentencing Act, or if the defendant previously moved for relief under the First Step Act and the court denied the motion on the merits. Id.

The court must address three related issues when considering an eligible defendant's

request for sentence reduction pursuant to § 404 of the First Step Act. "First, [the court] must accurately recalculate the Guidelines sentencing range. Second, and relatedly, [the court] must correct original Guidelines errors and apply intervening case law made retroactive to the original sentence. Third, the court must consider the § 3553(a) factors to determine what sentence is appropriate." United States v. Collington, 995 F.3d 347, 355 (4th Cir. 2021) (citations omitted). Although relief under the First Step is discretionary, "district courts abuse their discretion in letting stand a sentence of imprisonment that exceeds the statutory maximum established by the Fair Sentencing Act." Collington, 995 F.3d at 356.

Relevant to the instant motion, defendants may seek reduction of their revocation sentences under the First Step Act provided the original conviction qualifies as a "covered offense." See United States v. Venable, 943 F.3d 187, 192–93 (4th Cir. 2019). This is because a "revocation sentence is part of the penalty for [the] initial offense" and a defendant serving a revocation sentence "is still serving his sentence for a 'covered offense' for purposes of the First Step Act." Id. at 194.

At the revocation hearing, the court found defendant is eligible for First Step Act relief where the statutory penalties for conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base were modified by section 2 of the Fair Sentencing Act, defendant committed the offense before August 3, 2010, and he is not otherwise excluded from seeking relief under the Act. First Step Act § 404; Gravatt, 953 F.3d at 263–64. The court thus turned to whether it should exercise its discretion to reduce defendant's sentence.

The court first considered the statutory maximum term and Guidelines range at revocation. At the time of defendant's original conviction, distribution of 50 grams or more of cocaine base carried a maximum punishment of life imprisonment, making it a class A felony. See 18 U.S.C.

5

§ 3559(a)(1); 21 U.S.C. § 841(b)(1)(A) (2006). On revocation of supervised release, the statutory maximum term is 60 months' imprisonment where the predicate offense is a class A felony. See 18 U.S.C. § 3583(e)(3). Thus, in the absence of First Step Act relief, defendant would have a class A felony, grade A violation based on the alleged state charges, and criminal history category VI, producing a revocation Guidelines range of 51 to 60 months' imprisonment. See U.S.S.G. § 7B1.4(a) (see also USPO Mem. (DE 93)).

The court next determined that the Guidelines range and statutory maximum would be reduced significantly in the event the court granted relief under the First Step Act. Under the Fair Sentencing Act, defendant's conviction for conspiracy to distribute 50 grams or more of cocaine base carries a statutory maximum of 40 years' imprisonment, which is a class B felony. See 18 U.S.C. § 3559(a)(2). For a class B felony, the statutory maximum sentence on revocation is 36 months' imprisonment. 18 U.S.C. § 3583(e)(3). Turning to the Guidelines, defendant's criminal history category remains a VI where he has 14 criminal history points. See U.S.S.G. ch. 5 pt. A. sentencing table; (see also PSR (DE 24) ¶ 34).[2] A class B felony, grade A violation,[3] and criminal history category VI, produces a Guidelines range at revocation of 33 to 36 months' imprisonment. See U.S.S.G. § 7B1.4(a).

---

[2] The court reduced the criminal history score to 14 where the Guidelines no longer provide for an additional criminal history point if the defendant committed the offense within two years following release from custody. See U.S.S.G. App. C. Amend. 742 (Nov. 1, 2010) (see also PSR (DE 24) ¶ 33). This reduction, however, does not affect the criminal history category where defendant's 14 points are sufficient for criminal history category VI. See U.S.S.G. ch. 5 pt. A. sentencing table.

[3] Defendant argues that his grade of violation should be a "B" where the statutory maximum for the predicate offense is 40 years. As set forth above, the reduced statutory maximum means that defendant's offense of conviction is a class B felony. See 18 U.S.C. § 3559(a)(2). The grade of violation, by contrast, refers to the gravity of the conduct underpinning the motion for revocation, which is established by application of U.S.S.G. § 7B1.1(a). The fact that defendant has a class B felony does not impact the grade of violation. See U.S.S.G. § 7B1.1(a). And in the absence of argument showing that probation's determination that the alleged state offenses constitute grade A violations is wrong, the court does not further address this issue. (See USPO Recommendation (DE 93)).

6

In its response brief, the government argued that the court has discretion to deny a First Step Act motion in these circumstances. As discussed above, it is reversible error to maintain a defendant's original sentence above the statutory maximum applicable under the Fair Sentencing Act where the defendant is eligible for relief under the First Step Act. See Collington, 995 F.3d at 356. And based on the unitary theory of sentencing, the original custodial sentence, any term of supervised release, <u>and</u> the revocation sentence are all "part of the original sentence." Venable, 943 F.3d at 194. The revocation sentence, therefore, cannot exceed the statutory maximum applicable under the Fair Sentencing Act. See Collington, 995 F.3d at 356; see also United States v. Lucas, 855 F. App'x 146 (4th Cir. 2021) (reversing district court's denial of First Step Act relief where defendant's revocation sentence exceeded the statutory maximum under the Fair Sentencing Act). Thus, contrary to the government's position, the court found that it lacked authority to sentence defendant above the revised statutory penalty under the Fair Sentencing Act. And where the court is required to reduce the statutory maximum punishment, the First Step Act motion necessarily must be granted, and the Guidelines range recalculated in accordance with existing law. See Collington, 995 F.3d at 355–56.

Accordingly, after applying the (effectively mandatory) reductions under the First Step Act, the court found the Guidelines range at the forthcoming revocation hearing would be 33 to 36 months' imprisonment, and the statutory maximum term would be 36 months. To the extent defendant requested the foregoing relief in his First Step Act motion, the court granted same.

Defendant also seeks retroactive reduction in his term of supervision pursuant to the First Step Act. As noted above, defendant was sentenced to five years' supervised release. Under the Fair Sentencing Act, defendant's offense of conviction carries a term of "at least four years" supervised release. 21 U.S.C. § 841(b)(1)(B). Defendant argues that where he was sentenced to

7

the mandatory minimum term pre-Fair Sentencing Act, the court should reduce the supervised release term to four years under the First Step Act. Such a ruling effectively would moot the pending motion for revocation where defendant had served more than four years supervised release at the time of his arrest on the pending state charges.

At hearing, the court denied the First Step Act motion to the extent defendant requested a reduction in the term of supervised release. Where the term of supervised release under the Fair Sentencing Act is "at least four years," defendant's current term of five years' supervise release remains within the statutory maximum term. See 21 U.S.C. § 841(b)(1)(B). Notably, the United States Court of Appeals for the Fourth Circuit has suggested that the ostensible maximum term of lifetime supervised released provided for in § 841(b)(1)(B) is capped at the default statutory maximum of five years for a class B felony under 18 U.S.C. § 3583(b). United v. Dawson, 587 F.3d 640, 648 n.5 (4th Cir. 2009). Even assuming this is the correct interpretation of the statute,[4] defendant's current sentence is within statutory maximum term of five years. Accordingly, the court is not required to reduce the term of supervision to four years in these circumstances. See Collington, 995 F.3d at 356.

The court also declined to exercise its discretion to reduce the term of supervision. The revised Guidelines range for defendant's supervised release, based on predicate conviction under 21 U.S.C. § 841(b)(1)(B), is four to five years. See U.S.S.G. § 5D1.2(c) & cmt. n.1. The current

---

[4] Contrary to the Dawson, § 3583(b) provides that the statutory maximum terms of supervision set forth therein apply "except as otherwise provided." 18 U.S.C. § 3583(b). And § 841(b)(1)(B) provides that the maximum term of supervised release is life "notwithstanding section 3583 of Title 18." 21 U.S.C. § 841(b)(1)(B). Multiple circuit courts of appeals have determined that this language provides for a statutory maximum term of life supervised release for convictions under § 841(a)(1) notwithstanding the contrary statutory maximums in 18 U.S.C. § 3583(b). See United States v. Campos, 922 F.3d 686, 688 (5th Cir. 2019); United States v. Jones, 774 F.3d 399, 402 (7th Cir. 2014); United States v. Handley, 678 F.3d 1185, 1189 (10th Cir. 2012); see also United States v. Hemosillo, 622 F. App'x 680, 681–82 (9th Cir. 2015); United States v. Bailey, No. 1:10CR224-1, 2020 WL 4453552, at *3–4 (M.D.N.C. Aug. 3, 2020).

8

sentence of five years' supervised release is within the applicable Guidelines range. And to the extent defendant requests a reduction to the low end of the revised range, the § 3553(a) factors do not support such a reduction. As recounted above, defendant has an extensive and violent criminal history, which includes prior convictions for assault with a deadly weapon and assault on a female. The pending state charges also raise troubling allegations that defendant violently assaulted and kidnapped Sumpter, the mother of his child. In the event defendant is adjudicated guilty of these serious offenses in state court, reducing defendant's supervised release to four years would allow him to avoid responsibility for violating the terms of his supervision.

The court considered defendant's argument that his post-sentencing conduct, with the exception of the conduct allegedly underlying his recent arrest, has been exemplary. Defendant has maintained employment, appropriately engaged in parenting his biological and stepchildren, maintained clear conduct in custody, and with the exception of the instant charges did not commit any violations of supervision. (Def.'s Mot. (DE 79) at 6–7). During his incarceration, defendant completed a 500-hour drug treatment program. (Id. at 6). And following his release, he completed two peer support programs and vocational training. (Id. at 7). While the court commends defendant for his post-sentencing achievements, these factors do not justify reducing the term of supervision in light of the pending charges and defendant's extensive criminal history.

Having fully considered defendant's arguments, the revised Guidelines range, and the relevant § 3553(a) factors, the court found a sentence of five years' supervised release was necessary considering the nature and circumstances of the alleged violations and defendant's violent criminal history, to provide general and specific deterrence to criminal conduct, and to protect the public from further crimes by defendant.

## CONCLUSION

Based on the foregoing, defendant's motion for reduction of sentence pursuant to the First Step Act (DE 79) was GRANTED IN PART. At the forthcoming revocation hearing, defendant's statutory maximum term of imprisonment will be 36 months' imprisonment and the Guidelines range will be 33 to 36 months. The court DENIED IN PART the motion (DE 79) to the extent defendant requested retroactive reduction of his term of supervised release. The parties are reminded that their status report addressing the pending state charges is due on or before **November 15, 2021.**

SO ORDERED, this the 22nd day of October, 2021.

*/s/ Louise V. Flanagan*
LOUISE W. FLANAGAN
United States District Judge